IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **AMERIS BANK, THROUGH ITS DIVISION BALBOA CAPITAL CORPORATION,** | : <br> : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| vs. | :    CIVIL ACTION FILE <br> :    NO. _____ <br> : |
| **RAY O. WILSON,** | : <br> : |
| **Defendant.** | : |

## COMPLAINT ON PERSONAL GUARANTY

COMES NOW Ameris Bank, through its division Balboa Capital Corporation, (hereinafter "Plaintiff" or "Ameris Bank"), Plaintiff in the above-captioned action and files this its *Complaint on Personal Guaranty* (hereinafter "Complaint") and in support thereof shows the following:

### ALLEGATIONS RELATED TO JURISDICTION AND VENUE

1.

Ameris Bank is a Georgia Corporation, is registered to do business and is in good standing in the State of South Carolina.

2.

Ray O. Wilson (hereinafter "Wilson" or "Defendant") resides at 100 Stubberfield Drive, Sumter, South Carolina 29154.

3.

As reflected above, a complete diversity of citizenship exists between the Plaintiff and Defendant.

4.

As more fully described below, Ameris Bank seeks damages totaling $164,624.87, exclusive of interest and costs.

5.

Pursuant to 28 U.S.C. § 1332, this Court maintains subject matter jurisdiction over this case.

6.

Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue for this civil action to be brought.

## ALLEGATIONS RELATED TO THE AGREEMENT

7.

Paragraphs 1 through 6 are hereby incorporated as if fully restated herein.

8.

On or about August 30, 2022, R&S Transport, LLC (hereinafter "R&S Transport") entered into and executed a certain *Equipment Financing Agreement, Agreement # 324020-003* (hereinafter "EFA 003") in favor of Ameris Bank for the purpose of Ameris Bank providing R&S Transport with financing for the purchase of 2017 Freightliner Cascadia Vehicle Identification Number 3AKJGEDV5HSHR3146 (hereinafter the "Truck").

9.

Pursuant to EFA 003, R&S Transport agreed to pay Ameris Bank sixty (60) equal monthly payments of $1,680.00, beginning on September 30, 2022.

10.

Pursuant to EFA 003, R&S Transport granted Ameris Bank a security interest in the Truck.

11.

A true and correct copy of EFA 003 is attached hereto as Exhibit "1".

12.

Ameris Bank perfected its security interest on the Truck with the South Carolina Department of Motor Vehicles.

13.

A true and correct copy of the Certificate of Title for the Truck, denoting Ameris Bank as the first lienholder, is attached hereto as Exhibit "2".

14.

On or about August 19, 2021, Wilson entered into and executed a certain *Personal Guaranty Equipment Financing Agreement # 324020-003* (hereinafter "Guaranty 003") in favor of Ameris Bank, guarantying all debts and obligations due Ameris Bank from R&S Transport.

15.

A true and correct copy of Guaranty 003 is attached hereto as Exhibit "3".

16.

On or about April 15, 2022, R&S Transport entered into and executed a certain *Equipment Financing Agreement, Agreement # 324020-006* (hereinafter "EFA 006") in favor of Ameris Bank for the purpose of Ameris Bank providing R&S Transport with financing for the purchase of a 2024 Trail Star Frame Smooth Side Dump Trailer, Vehicle Identification Number 5MADA2829RC078359 (the "Trailer") (the Truck and the Trailer collectively hereinafter the "Collateral").

17.

Pursuant to EFA 006, R&S Transport agreed to pay Ameris Bank sixty (60) equal monthly payments of $2,284.17, beginning on January 13, 2024.

18.

Pursuant to EFA 006, R&S Transport granted Ameris Bank a security interest in the Trailer.

19.

A true and correct copy of EFA 006 is attached hereto as Exhibit "4".

20.

Ameris Bank perfected its security interest on the Trailer with the South Carolina Department of Motor Vehicles.

21.

A true and correct copy of the Certificate of Title for the Trailer, denoting Ameris Bank as the first lienholder, is attached hereto as Exhibit "5".

22.

On or about October 19, 2023, Wilson entered into and executed a certain *Personal Guaranty Equipment Financing Agreement # 324020-006* (hereinafter "Guaranty 006") in favor of Ameris Bank, guarantying all debts and obligations due Ameris Bank from R&S Transport.

23.

A true and correct copy of Guaranty 006 is attached hereto as Exhibit "6".

## COUNT I – BREACH OF EFA 003

24.

Paragraphs 1 through 23 are incorporated as if fully restated herein.

25.

Neither R&S Transport nor Wilson have made any of the monthly payments which became due on or after October 30, 2024, pursuant to EFA 003.

26.

Pursuant to Section 18 of EFA 003, a failure to make a payment when it becomes due is an event of default.

27.

R&S Transport defaulted on the terms of EFA 003 by failing to make any monthly payments which became due on or after October 30, 2024.

28.

Wilson defaulted on the terms of Guaranty 003 by failing to make any monthly payments on EFA 003 which became due on or after October 30, 2024.

29.

Upon default, Section 19 of EFA 003 states:

Upon the occurrence of an event of default Creditor shall have the right, options, duties and remedies of a secured party, and Debtor shall have the rights and duties of a Debtor, under the Uniform Commercial Code (regardless of whether such Code or a law similar thereto has been enacted in a jurisdiction wherein the rights or remedies are asserted) and in connection therewith Creditor may: (a) sue for and recover from Debtor the sum of: (1) all unpaid Monthly Payments and other payments, including late charges and interest, due under this Agreement then accrued, all accelerated future payments due through the last day of the term of this Agreement; (2) any and all costs or expenses paid or incurred by Creditor in connection with the repossession, holding, repair, reconditioning and subsequent sale, lease or other disposition of the Collateral, including but not limited to attorney's fees and costs, whether or not litigation is commenced; (3) all other costs or expenses paid or incurred by Creditor at any time in connection with the execution, delivery, administration, amendment and enforcement or exercise of any of the Creditor's rights and remedies under this Agreement, including, but not limited to, attorneys' fees and costs, whether or not litigation is commenced, and taxes imposed by any governmental agency; (4) any actual or anticipated loss of federal or state tax benefits to Creditor (as determined by Creditor) resulting from Debtor's default or Creditor's repossession or disposition of the Collateral; and (5) any and all other damages proximately caused by Debtor's default; (b) declare the Casualty Value or such lesser amount as may be set by law immediately due and payable with respect to any or all Items of Collateral without notice or demand to Debtor; (c) take possession of and, if deemed appropriate, render unusable any or all Items of Collateral, without demand or notice, wherever located, without any process of law and without liability for any damages

occasioned by such taking of possession including damages to contents; (d) require Debtor to assemble any or all Items of Collateral at a location in reasonable proximity to their designated location hereunder, (e) upon notice to Debtor required by law, sell or otherwise dispose of any Items of Collateral, whether or not in Creditor's possession, in a commercially reasonable manner at public or private sale and apply the net proceeds of such sale after deducting all costs of such sale, including, but not limited to, costs of transportation, repossession, storage, refurbishing, advertising and brokers fees, to the obligations of Debtor hereunder with Debtor remaining liable for any deficiency and with any excess being returned to Debtor or (f) utilize any other remedy available under the Uniform Commercial code or otherwise to Creditor. All remedies are cumulative. Any sale may be adjourned by announcement at the time and place appointed for such sale without further published notice, and Creditor may, if permitted by law, bid at any such sale.

30.

Pursuant to Section 11 of EFA 003, the "Casualty Value" of the Truck "shall equal (a) any amounts due at the time of such payment, and (b) each future Monthly Payment due with respect to such Item discounted at three percent (3%) per annum simple interest from the date due to the date of such payment."

31.

On November 27, 2024, Ameris Bank exercised its right to declare a default and declared the Casualty Value immediately due and payable as provided in Sections 11, 18 and 19 of EFA 003.

32.

As of November 27, 2024, R&S Transport was past due in the monthly payments due to Ameris Bank pursuant to EFA 003 in an amount totaling $3,360.00.

33.

As of November 27, 2024, R&S Transport was past due in late charges due to Ameris Bank pursuant to EFA 003 in an amount totaling $201.60.

34.

On November 27, 2024, the present value of the remaining thirty-three (33) future monthly payments on EFA 003 discounted at three percent (3.0%) yields an amount equal to $53,151.00.

35.

As of November 27, 2024, the outstanding balance of the sum of past due monthly payments, the outstanding late charges, and the present value of the remaining monthly payments, discounted at three percent (3.0%), totaled an amount equal to $56,712.60.

36.

Pursuant to Section 23 of EFA 003, interest accrues on all outstanding past due amounts due at the rate of one and one-half percent (1.5%) per month or eighteen percent (18%) per annum.

37.

Starting on November 27, 2024, and continuing through the present, interest accrued on the outstanding balance at the rate of one-half percent (1.5%) per month or $27.97 per diem.

38.

As of February 21, 2025, interest had accrued on the outstanding balance due in an amount equal to $2,405.24.

39.

On February 21, 2025, the outstanding balance due on EFA 003 totaled $59,117.84.

40.

As the proximate cause of R&S Transport's breach of EFA 003, as of February 21, 2025, Ameris Bank has been damaged in the amount of $59,117.84, plus interest accruing at the per diem rate of $27.97 thereafter.

41.

As the proximate cause of Wilson's breach of Guaranty 003, as of February 21, 2025, Ameris Bank has been damaged in the amount of $59,117.84, plus interest accruing at the per diem rate of $27.97 thereafter.

42.

As the proximate cause of R&S Transport's breach of EFA 003 and Wilson's breach of Guaranty 003, Wilson is liable to Ameris Bank for an amount equal to $59,117.84, plus interest accruing after February 21, 2025, at the per diem rate of $27.97.

## COUNT II – BREACH OF EFA 006

43.

Paragraphs 1 through 42 are incorporated as if fully restated herein.

44.

Neither R&S Transport nor Wilson have made any of the monthly payments which became due on or after November 13, 2024, pursuant to EFA 006.

45.

Pursuant to Section 18 of EFA 006, a failure to make a payment when it becomes due is an event of default.

46.

R&S Transport defaulted on the terms of EFA 006 by failing to make any monthly payments which became due on or after November 13, 2024.

47.

Wilson defaulted on the terms of Guaranty 006 by failing to make any monthly payments which became due pursuant to EFA 006 on or after November 13, 2024.

48.

Upon default, Section 19 of EFA 006 states:

Upon the occurrence of an event of default Creditor shall have the right, options, duties and remedies of a secured party, and Debtor shall have the rights and duties of a Debtor, under the Uniform Commercial Code (regardless of whether such Code or a law similar thereto has been enacted in a jurisdiction wherein the rights or remedies are asserted) and in connection therewith Creditor may: (a) sue for and recover from Debtor the sum of: (1) all unpaid Monthly Payments and other payments, including late charges and interest, due under this Agreement then accrued, all accelerated future payments due through the last day of the term of this Agreement; (2) any and all costs or expenses paid or incurred by Creditor in connection with the repossession, holding, repair, reconditioning and subsequent sale, lease or other disposition of the Collateral, including but not limited to attorney's fees and costs, whether or not litigation is commenced; (3) all other costs or expenses paid or incurred by Creditor at any time in connection with the execution, delivery, administration, amendment and enforcement or exercise of any of the Creditor's rights and remedies under this Agreement, including, but not limited to, attorneys' fees and costs, whether or not litigation is commenced, and taxes imposed by any governmental agency; (4) any actual or anticipated loss of federal or state tax benefits to Creditor (as determined by Creditor) resulting from Debtor's default or Creditor's repossession or disposition of the Collateral; and (5) any and all other damages proximately caused by Debtor's default; (b) declare the Casualty Value or such lesser amount as may be set by law immediately due and payable with respect to any or all Items of Collateral without notice or demand to Debtor; (c) take possession of and, if deemed appropriate, render unusable any or all Items of Collateral, without demand or notice, wherever located, without any process of law and without liability for any damages occasioned by such taking of possession including damages to contents; (d) require Debtor to assemble any or all Items of Collateral at a location in reasonable proximity to their designated location hereunder, (e) upon notice to Debtor required by law, sell or otherwise dispose of any Items of Collateral, whether or not in Creditor's possession, in a commercially reasonable manner at public or private sale and apply the net proceeds of such sale after deducting all costs of such sale, including, but not limited to, costs of transportation, repossession, storage, refurbishing, advertising and brokers fees, to the obligations of Debtor hereunder with Debtor remaining liable for any deficiency and with any excess being returned to Debtor or (f) utilize any other remedy available under the Uniform Commercial code or otherwise to Creditor. All remedies are cumulative. Any sale may be adjourned by announcement at the time and place appointed for such sale without further published notice, and Creditor may, if permitted by law, bid at any such sale.

49.

Pursuant to Section 11 of EFA 006, the "Casualty Value" of the Trailer "shall equal (a) any amounts due at the time of such payment, and (b) each future Monthly Payment due with respect to such Item discounted at three percent (3%) per annum simple interest from the date due to the date of such payment."

50.

On November 27, 2024, Ameris Bank exercised its right to declare a default and declared the Casualty Value immediately due and payable as provided in Sections 11, 18 and 19 of EFA 006.

51.

As of November 27, 2024, R&S Transport was past due in the monthly payments due to Ameris Bank pursuant to EFA 006 in an amount totaling $2,284.17.

52.

As of November 27, 2024, R&S Transport was past due in late charges due to Ameris Bank pursuant to EFA 006 in an amount totaling $411.15.

53.

On November 27, 2024, the present value of the remaining forty-nine (49) future monthly payments discounted at three percent (3.0%) yields an amount equal to $105,216.95.

54.

As of November 27, 2024, the outstanding balance of the sum of past due monthly payments, late charges, and the present value of the remaining monthly payments pursuant to EFA 006, discounted at three percent (3.0%), totaled an amount equal to $107,912.27.

55.

Pursuant to Section 23 of EFA 006, interest accrues on all outstanding past due amounts due at the rate of one and one-half percent (1.5%) per month or eighteen percent (18%) per annum.

56.

Starting on November 27, 2024, and continuing to the present, interest accrued on the outstanding balance pursuant to EFA 006 at the rate of one-half percent (1.5%) per month or $53.22 per diem.

57.

As of February 21, 2025, interest had accrued on the outstanding balance due in an amount equal to $4,576.66.

58.

On February 21, 2025, the outstanding balance due on EFA 006 totaled $112,488.93.

59.

As the proximate cause of R&S Transport's breach of EFA 006, as of February 21, 2025, Ameris Bank has been damaged in the amount of $112,488.93, plus interest accruing at the per diem rate of $53.22 thereafter.

60.

As the proximate cause of Wilson's breach of Guaranty 006, as of February 21, 2025, Ameris Bank has been damaged in the amount of $112,488.93, plus interest accruing at the per diem rate of $53.22 thereafter.

61.

As the proximate cause of R&S Transport's breach of EFA 006 and Wilson's breach of Guaranty 006, Wilson is liable to Ameris Bank for an amount equal to $112,488.93, plus interest accruing after February 21, 2025, at the per diem rate of $53.22.

### COUNT III - ATTORNEY'S FEES

62.

Paragraphs 1 through 61 of this Complaint are hereby incorporated as if fully restated herein.

63.

Pursuant to EFA 003 and EFA 006, Ameris Bank is entitled to recover reasonable attorney's fees in the collection of outstanding amounts due Ameris Bank.

WHEREFORE, Ameris Bank prays the following:

a) That Summons issue, that Defendant be served with a copy of the Summons and Complaint, and that Defendant be required to appear and answer as required by law;

b) With respect to Count I of this Complaint, the Court enters judgment in favor of Ameris Bank and against the Defendant in the amount of the balance owing on EFA 003 and Guaranty 003, which as of February 21, 2025, was $59,117.84 plus interest accruing after February 21, 2025, at the per diem rate of $27.97;

c) With respect to Count II of this Complaint, the Court enters judgment in favor of Ameris Bank and against the Defendant in the amount of the balance owing on EFA 006 and Guaranty 006, which as of February 21, 2025, was $112,488.93 plus interest accruing after February 21, 2025, at the per diem rate of $53.22;

d) With respect to Count III of this Complaint, the Court enters judgment in favor Ameris Bank and against Defendant for its reasonable attorney's fees pursuant to EFA 003 and EFA 006;

e) The Court enters judgment awarding Ameris Bank all costs incurred in this action;

f) Interest accrues on the judgment amount; and

g) That Ameris Bank has such other and further relief as this Court may deem equitable and just.

RESPECTFULLY SUBMITTED this 19th day of February, 2025.

**MOORE, CLARKE, DuVALL & RODGERS, P.C.**

*/s/ Wheeler H. Bryant*
**WHEELER H. BRYANT**
South Carolina State Bar No.: 103078
South Carolina Fed. District Court ID No.: 14177
*Attorneys for Ameris Bank, through its division Balboa Capital Corporation*
33 Bull Street, Suite 203
Savannah, Georgia 31401
T: 912-234-0995
F: 912-235-0997
E: wbryant@mcdr-law.com